**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Gene L. Niles, #246290, ) | Civil Action No. 9:10-2348-JFA-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Michael Johnson, et al., Individual and ) Official Capacity; Sgt Unknown First Name; ) Mrs. Brown McKennize; Ms. Gamble; ) Medical Staffs Name Unknown; and ) Dennis Walker, ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was incarcerated at the Williamsburg County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendant "Medical Staffs Name Unknown" filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. on December 15, 2010, arguing that it is not a proper Defendant for purposes of a § 1983 claim. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 21, 2011, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, this Defendant's motion may be granted. Plaintiff did not thereafter file a response to this Defendant's motion.[1]

---

[1]Plaintiff has filed a motion for discovery, although it is unclear whether Plaintiff's motion for discovery relates to the medical staff Plaintiff attached a copy of an FOIA request he apparently
(continued...)

1



It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 must qualify as a "person". Use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See <u>Barnes v. Baskerville Corr. Cen. Med. Staff</u>, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); <u>Martin v. UConn Health Care</u>, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); <u>Ferguson v. Morgan</u>, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). Therefore, this Defendant's motion should be **granted**, without prejudice.

By separate Order being entered this date, the parties are being advised of the discovery period in this case, with Plaintiff also being provided with some instructions on pursuing discovery. If Plaintiff obtains the names of medical personnel through discovery who he believes violated his constitutional rights, he may file a motion to amend at that time to add these individuals as party Defendants in the case. For the reasons stated, however, Plaintiff cannot maintain a claim against medical "staff".

The parties are referred to the notice on the page attached hereto.

 

_____
Bristow Marchant
United States Magistrate Judge

February 1, 2011
Charleston, South Carolina

---

[1](...continued)
submitted back in April 2010 which, in part, asks for names of medical personnel who were working September 12th through 15th, 2008. In any event, Plaintiff's motion to compel has been addressed by separate Order of the Court.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

3

